CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
for Charlottesville
FEB 1 3 2006
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| STEVEN ROSENFIELD, <br><br> and <br><br> EDWARD M. WAYLAND <br><br> *Plaintiffs,* <br><br> v. <br><br> THE HONORABLE WILLIAM W. WILKINS, *acting in his official capacity as Chief Judge of the United States Court of Appeals for the Fourth Circuit,* <br><br> *Defendant.* | CIVIL ACTION NO. 3:05-CV-00072 <br><br><br> OPINION & ORDER <br><br><br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on its motion. For the reasons stated below, Judge Norman K. Moon will recuse himself from this matter.

## I. BACKGROUND

Plaintiff Steven Rosenfield is an attorney licensed to practice in Virginia who was appointed under the Criminal Justice Act ("CJA"), 18 U.S.C. §3006A and 21 U.S.C. §848(q), to represent an indigent death row state inmate in his petition for clemency to the Governor of Virginia. Plaintiff Edward Wayland was Rosenfield's law partner and also worked on the petition. At the end of his representation, Plaintiff submitted a voucher seeking fees totaling $35,456.25. Defendant, the Honorable William W. Wilkins, acting in his official capacity as Chief Judge of the United States Court of Appeals for the Fourth Circuit, approved payment of $10,000.00.

Plaintiffs brought this class action suit on behalf of themselves and all CJA-appointed

attorneys who have had or will have their fees reduced by the Fourth Circuit. They allege that the expectation of compensation for time reasonably expended representing clients is a protected property interest, and that the Fourth Circuit's fee approval process—which they allege lacks any standards and provides for no right of review or appeal—violates class members' procedural Due Process rights under the Fifth Amendment. Plaintiffs named Chief Judge Wilkins as Defendant because he is the chief administrator of the Fourth Circuit and makes final decisions regarding payment of fees and expenses under the CJA. *See* 18 U.S.C.A. § 3006A(d)(3).

This action was filed in the Western District of Virginia, Charlottesville Division, and assigned to the Honorable Norman K. Moon, District Court Judge.

## II. DISCUSSION

### A. A reasonable observer might question Judge Moon's impartiality

Disqualification of judges of the United States is governed by 28 U.S.C. § 455. Subsection (a) provides, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This "'catchall' recusal provision . . . cover[s] both 'interest and relationship' and 'bias or prejudice grounds[]—requiring them *all* to be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994) (internal citations omitted) (emphasis in original). Thus, recusal is necessary when a judge's impartiality might be questioned by a reasonable, well-informed observer aware of "'all the facts and circumstances.'" *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998). This hypothetical reasonable observer is presumed to be "outside the judicial system" and may not be as aware as judicial personnel of a judge's constitutional and

2

ethical obligations to decide matters solely on the merits. *Id.* at 287. However, the observer "is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." *Id.*

Although Judge Moon firmly believes he could try this matter without bias, he also believes recusal is necessary because there is a nontrivial risk that an outside observer might doubt his impartiality. That observer would be aware that Judge Wilkins hears appeals from Judge Moon's decisions. The observer might perceive that Judge Moon's own personal and professional interests would be served by ruling in Judge Wilkins' favor, and question Judge Moon's ability to ignore these interests when deciding this case.

## B. *The rule of necessity does not dictate that Judge Moon hear this case*

Because the apparent conflict described above appears to extend to all Fourth Circuit district court judges, the question arises whether Judge Moon should hear the case under the "rule of necessity."

The rule of necessity provides that a judge may not recuse himself if doing so would result in denial of a litigant's right to have his claim adjudicated, and it "is generally invoked in cases in which no judge in the country is capable of hearing the case." *Bolin v. Story*, 225 F.3d 1234, 1238 (11th Cir. 2000); *see generally United States v. Will*, 449 U.S. 200 (1980). In what may be described as a caveat or conditional extension of the rule, three courts of appeals have also invoked it "where a plaintiff indiscriminately sues all of the judges in a circuit," holding that "the fact that it is possible to convene a panel of disinterested judges outside the circuit does not require transfer of the case or preclude the application of the rule of necessity."[1] *Bolin*, 225 F.3d

---

[1] A ready mechanism exists for inter-circuit case transfers. The Judicial Conference of the United States has a designated Committee on Intercircuit Assignments committed to assisting Chief Judges in assigning and designating Article III judges for service outside their circuits.

3

at 1238 (citing *Switzer v. Berry*, 198 F.3d 1255 (10th Cir. 2000); *Tapia-Ortiz v. Winter et al.*, 185 F.3d 8 (2d Cir. 1999)).

The Court finds that this is not an appropriate case to invoke the rule of necessity. A reasonable observer would not question the impartiality of all Article III judges in this case, because the "interest and relationship" concerns expressed above are confined within the Fourth Circuit. Additionally, Plaintiffs have not indiscriminately sued all Article III judges in the Fourth Circuit or otherwise targeted Chief Judge Wilkins with the bad faith purpose of causing Fourth Circuit-wide disqualification. Rather, Chief Judge Wilkins is likely the sole individual whose administrative duties and authority would enable him to implement the relief Plaintiffs seek, and was thus the only sensible defendant to name.

### III. CONCLUSION

Because a reasonable observer might question his impartiality, and finding the rule of necessity inapplicable under the circumstances, Judge Norman K. Moon hereby RECUSES himself from this case pursuant to 28 U.S.C. § 455(a).

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Opinion and Order to all counsel of record, as well as the Executive of the Fourth Circuit, Samuel W. Phillips, Circuit Executive; 1100 East Main Street, Suite 617; Richmond, Virginia 23219.

ENTERED: *Norman K Moon*
U.S. District Judge

*Feb. 13, 2006*
Date